## The State v. Findley.

1. **Criminal Law**: SALE OF INTOXICATING LIQUORS. A party cannot be convicted of the unlawful sale of intoxicating liquors upon the sole testimony of one in his employ that the witness upon one occasion sold to a purchaser a small quantity of liquor, without specifying in his testimony that it was the property of his employer or that the latter had any such liquor in his possession.

*Appeal from Davis District Court.*

THURSDAY, MARCH 22.

THE indictment charged "that the defendant, at Davis county, Iowa, on the first day of February, 1875, did then and there keep, use, and control a certain house in which he then and there unlawfully kept for sale, and did then and there unlawfully sell, intoxicating liquors." There was a jury trial, verdict of guilty and judgment, from which defendant appeals.

*M. H. Jones*, for appellant.

*M. E. Cutts, Attorney General*, for the State.

SEEVERS, J.—The only evidence in relation to a sale of intoxicating liquors by defendant, or of his keeping such liquors for sale, is the testimony of one Mendenhall, and is as follows: "I am selling drugs for defendant in Bloomfield, Davis county, Iowa, and have been since February 15, 1875, at his store; I sold at that store a half-pint of whiskey with cinchona in it to T. O. Walker; I never sold any other kind of liquor there nor at any other time than that; it was before February 23, 1875; nor I never saw any other liquor, of any kind, sold there by anybody else at any other time."

1. CRIMINAL law: sale of intoxicating liquors.

It will be seen there was no evidence tending to show that defendant knew of this sale, or that he kept intoxicating liquors for sale, or that there was any such in his possession or kept by him for any purpose. It is true the witness sold, in defendant's store, a half-pint of whiskey to Walker, but for aught that appears the witness may have brought it there in his pocket. The evidence fails to show there was ever any other liquor in the defendant's store or building than that sold by the witness to Walker. It is true that, if intoxicating liquor is found in the possession of the accused in any place except his private dwelling house, it is presumptive evidence such liquor was kept or held for sale contrary to law. Code, Sec. 1542; *State v. Norton*, 41 Iowa, 430. But there was no evidence tending to show that there was any such liquor in the defendant's possession, or under his control.

REVERSED.